UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

JOSHUA PADGETT,

    Plaintiff,

    v.

GRADING & BUSH HOG SERVICES, INC., a
Florida profit corporation, and SCOTT GRIFFIN,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, JOSHUA PADGETT ("PADGETT") by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, GRADING & BUSH HOG SERVICES, INC., a Florida profit corporation (hereinafter, "GBH") and SCOTT GRIFFIN (hereinafter "GRIFFIN"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation and minimum wages the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, GBH was

an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, GBH and GRIFFIN were excavating contractors. Plaintiff, PADGETT's work, and the work of at least 5 other employees employed by the Defendants, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included machinery and building materials that were manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

       and,

    b. The Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, PADGETT was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, GBH, was conducting business in Orange Park, Clay County Florida, which is within the Middle District of Florida.

10. At all times material hereto, Defendants were the employer of Plaintiff, PADGETT.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, the Defendants knowingly and willfully failed to pay Plaintiff, PADGETT his lawfully earned wages in conformance with the FLSA.

13. The Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, GBH was an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, PADGETT was directly essential to the business performed by Defendants, GBH.

16. Plaintiff, PADGETT has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about April 25, 2016, Plaintiff, PADGETT was hired by the Defendants as a guard rail installer at the Defendants excavating business. His employment ended on about January 8, 2020.

18. Plaintiff, PADGETT was paid an hourly wage of $17.89 per hour.

19. Defendants knowingly and willfully operated their business with a policy of not paying minimum or overtime wages in conformance with the applicable law, to the Plaintiff, PADGETT.

20. Defendants failed to pay Plaintiff for all of his work hours worked per week.

21. Defendant, GRIFFIN was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

22. Defendant, GRIFFIN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

23. Plaintiff, PADGETT has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiff, PADGETT repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff, PADGETT's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

26. During Plaintiff, PADGETT's employment, Plaintiff, PADGETT worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time

and one-half for all of his hours.  Plaintiff, PADGETT was entitled to be paid at the rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff, PADGETT and the actual compensation paid to Plaintiff, PADGETT are in the possession and custody of the Defendant.  Plaintiff, PADGETT intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

28.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, PADGETT at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

29. Defendants failed to properly disclose or apprise Plaintiff, PADGETT of his rights under the FLSA.

30. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff, PADGETT is entitled to liquidated damages pursuant to the FLSA.

31. Due to the willful and unlawful actions of the Defendants, Plaintiff, PADGETT has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32.  Plaintiff, PADGETT is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, PADGETT respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff, PADGETT overtime compensation in the amount calculated;

    c.    Awarding Plaintiff, PADGETT liquidated damages in the amount calculated;

    d.    Awarding Plaintiff, PADGETT attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff, PADGETT post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## **VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

33. Plaintiff realleges Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

34. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

35. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

36. Plaintiff was paid no wages for his last pay period of work, about 32 hours.

37. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

38. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

39. Plaintiff, PADGETT realleges Paragraphs 1 through 23 as if fully stated herein.

40. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

41. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for some of his work hours. Indeed, Defendants paid him nothing for his final 32 hours of work.

42. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

  b. Awarding Plaintiff all back wages due and owing;

  c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

  d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

  e. Awarding Plaintiff prejudgment and post-judgment interest;

  f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

  g. Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

  h. Awarding such other and further relief this Court deems to be just and proper.

DATED:  September 29, 2020.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        2699 Stirling Road, Suite-A304
        Hollywood, FL 33312
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: <u>s/. Peter Bober</u>
          PETER BOBER
          FBN: 0122955
          SAMARA BOBER
          FBN: 0156248