UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA PADGETT,

        Plaintiff,

v.                                Case No. 3:20-cv-1112-J-34JRK

GRADING & BUSH HOG SERVICES,
INC., a Florida profit corporation, and
SCOTT GRIFFIN,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Joint Motion to Approve Settlement and for Dismissal with Prejudice (Doc. No. 8; "Motion"), filed November 2, 2020. In the Motion, the parties seek the Court's approval of their settlement agreement, and they request that this case be dismissed with prejudice. Motion at 1-2, 4. The Motion is referred to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Track Notice and FLSA Scheduling Order (Doc. No. 4), entered October 1, 2020, at 3.

On September 29, 2020, Plaintiff commenced this action by filing a Complaint for Damages Jury Trial Demanded (Doc. No. 1; "Complaint") against Defendants for overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

seq. ("FLSA") and for minimum wage violations under Article X, § 24 of the Florida Constitution. See Complaint at 1 ¶ 1, 5-8.[2] Plaintiff alleges he was employed by Defendants from April 2015 to January 2020 as a "guard rail installer at . . . Defendants['] excavating business." Id. at 3 ¶ 17.

The parties have entered into a Settlement Agreement to resolve all of Plaintiff's claims. See Motion at Ex. A (Doc. No. 8-1) ("Settlement Agreement"). Under the terms of the Settlement Agreement, Defendants agree to pay Plaintiff $7,655.44 in allegedly unpaid wages; $7,655.44 in liquidated damages; and $5,190.00 in attorney's fees and costs. Settlement Agreement at 2.[3]

In an FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, the parties represent that "Defendants have agreed to pay Plaintiff 100% of the minimum wages and overtime sought in this case, and 100% of the alleged liquidated damages." Motion at 2; see also id. at 4. The parties state that "[a]s part of this settlement . . . Defendants have also agreed to forgive a $3,500.00 loan made

---

[2] The Complaint contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

[3] In the Motion, the parties represent that Plaintiff will be paid $7,743.12 in wages and in liquidated damages, Motion at 2, not $7,655.44 as set out in the Settlement Agreement, see Settlement Agreement at 2. On November 17, 2020, the Court entered an Order (Doc. No. 13) taking the Motion under advisement and directing the parties to submit a supplemental memorandum addressing this discrepancy. On November 18, 2020, the parties filed a Joint Supplemental Memorandum (Doc. No. 15) stating that the amount in the Settlement Agreement ($7,655.44) is the correct amount.

- 2 -

to . . . Plaintiff." Id. at 2 n.1. The parties were represented by counsel. Id. at 2, 4. According to the Motion, "Defendants desire to settle this case, even though the claims herein are defensible, for the sole purpose of ending the expense of attorneys' fees which Defendants know will far outweigh the cost of settlement." Id. at 2. The parties represent that they "agree, based on the scope of the claims and the costs of continued litigation that the settlement of Plaintiff's claims represents a fair and reasonable resolution that should be approved by the Court." Id. Lastly, the parties assert that the attorney's fees were "offered and negotiated as a wholly separate amount being paid to . . . Plaintiff[ ]." Id.; see also Settlement Agreement at 2.

As noted, Plaintiff is receiving full monetary compensation for his claims. To the extent Plaintiff's claims could be deemed to have been compromised because the Settlement Agreement contains non-cash concessions, the undersigned finds that the Settlement Agreement represents "a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; compare Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (finding that if the plaintiff receives full monetary compensation but "relinquishes something else of value," the settlement agreement involves a "compromise" and judicial approval is required), with Williams v. Vidhi Invs., Inc., No. 6:14-cv-1559-Orl-40, 2015 WL 1524047, at *3 (M.D. Fla. Apr. 3, 2015) (unpublished) (stating that the plaintiff was receiving full compensation for her FLSA claim and recognizing that "[w]hen, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA" (citation omitted)). The Court further finds, in light of the parties'

representations, that the requested amount of attorney's fees is fair and reasonable.[4] See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

In assessing the fairness of the Settlement Agreement, the undersigned observes that it contains a release provision. See Settlement Agreement at 3. "Courts typically disfavor general release clauses in FLSA settlement agreements." DeGraff v. SMA Behav. Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). Here, however, the release is limited to "claims or causes of action relating to wages and/or hours worked, which are or could have been encompassed in the Litigation." Settlement Agreement at 3. As such, the release is distinguishable from those disfavored by courts, for it "allay[s] any concern that Plaintiff[ ] may be giving up an unknown, but valuable, claim that is completely unrelated to the FLSA claim, and which 'confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.'" Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (unpublished) (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Accordingly, the undersigned finds that to the extent Plaintiff compromised his claims, the release provision here does not undermine the fairness or reasonableness of the Settlement Agreement.

After due consideration, it is

---

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-Orl-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). As the total fee award sought in this case is not patently unreasonable and Defendants do not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

**RECOMMENDED**:

1. That the Joint Motion to Approve Settlement and for Dismissal with Prejudice (Doc. No. 8) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement agreement attached to the Motion.[5]

2. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on November 19, 2020.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[5] This recommendation is not intended to suggest that the Court enter judgment against Defendants. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[ ] is a fair and reasonable res[o]lution of a bona fide dispute."

- 5 -